Todd Blanche
Attorney General
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICARDO LOUIS ESPINOSA,<br><br>Defendant. | 1:25-CR-02125-SAB<br><br>PLAINTIFF'S SENTENCING MEMORANDUM |

The United States of America, by and through Michael D. Murphy, Assistant United States Attorney, submits the following Sentencing Memorandum.

On May 19, 2026 Defendant pled guilty pursuant to a plea agreement to Count 2 of the Indictment filed November 14, 2025 charging Possession of Child Pornography. ECF 1, 33. (Indictment, Plea Agreement). At the time of sentencing, should the Court accept the sentencing range of the Plea Agreement, the United States will move to dismiss Count 1 the Indictment, charging Receipt of Child

Pornography, at sentencing. The plea is made pursuant to Fed.R.Crim.P. 11(c)(1)(C) to a term of imprisonment of no less than 120 months (10 years) and no greater than 204 months (17 years) imprisonment. ECF 33, pp. 4-5, 12.

## I. BASE OFFENSE LEVEL AND ENHANCEMENTS

The draft PSIR provides for a total offense level of 33 after calculating the applicable enhancements and crediting a three-level decrease for acceptance of responsibility. ECF 36, ¶¶ 28-41, 142. Defendant has a criminal history category of II, based upon a criminal history score of 3. *Id.* at ¶ 79-80. The guideline sentence of incarceration is 151 to 188 months, to be followed by no less than 5 years and up to lifetime of supervised release. *Id*. at ¶ 142. The United States agrees with the offense calculations in the Draft PSIR.

## II. DEPARTURES AND OBJECTIONS

The United States has no objections to the draft PSIR. The agreed range of punishment in the plea agreement encompasses the sentencing range under the Guideline recommendation. The United States recommends a sentence of incarceration of 180 months incarceration. The basis for this recommendation is recognition of Defendant's prompt acceptance of responsibility and his guilty plea balanced by his criminal history containing multiple incidents of assault, domestic assault, failure to register as a sex offender, and a previous sexual crime against a minor victim. Defendant faces a statutory mandatory minimum sentence of no less

than 120 months based upon that conviction. *See* ECF 36, ¶ 120. A significant sentence above the statutory mandatory minimum, one of 180 months incarceration, should the Court accept the 11(c)(1)(C) plea agreement, should be sufficient to protect the public and accomplish the other goals set forth in 18 U.S.C. § 3553(a).

1. Defendant's objections to the draft PSIR

Defendant has objected to the draft PSIR at paragraphs 31, 81 and 83. ECF 37. He has also objected to paragraphs 18 and 19. *Id.* As to the latter, he wishes to be able to consume alcohol and marijuana where legal. Marijuana possession is illegal under federal law. 21 U.S.C. §§ 812(c), 844.

*Paragraphs 31, 81 and 83.* Defendant objects to the application of the five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(5) based upon engaging in a pattern of activity involving the sexual abuse or exploitation of a minor.

The enhancement applies to any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor, whether or not they occurred during the course of the offense or resulted in a conviction. Sexual abuse or exploitation, as used in the Guideline, does not include possessing, receiving, or trafficking in material relating to the sexual abuse or exploitation of a minor. Application Notes, U.S.S.G. § 2G2.2(b)(5). It does include other criminal sexual acts with minors as defined by state or federal law. *Id.* Defendant argues that his conduct in engaging in sexual acts with a sixteen-year-old in 2020 does not qualify as sexual abuse or sexual exploitation of a minor because the child had achieved the

age of consent under Washington state law and the contact was consensual. ECF 37, p 2. The sexual acts with the sixteen-year-old are set out in the draft PSIR and would have occurred when Defendant was forty-one years old. ECF 36, ¶¶ 81-83. The matter was declined for prosecution. The sixteen-year-old described visiting with Defendant and his girlfriend and feeling pressured to perform sexual acts on the Defendant. As summarized in the draft PSIR, the sixteen-year-old stated "she had given consent to sex and she did not explicitly say 'no,' only that she told the defendant to 'wait' prior to him lifting her up and then having sex with her. *Id.* ¶ 82.

First, the Court may consider the circumstances of the uncharged conduct. "[A] sentencing court may rely on any evidence relating to a defendant's background, character, and conduct when considering the sentencing factors found in 18 U.S.C. § 3553(a)." *United States v. Christensen*, 732 F.3d 1094, 1104 n. 2 (9th Cir. 2013). Sentencing courts are permitted to consider the widest possible breadth of information about a defendant to ensure that the punishment will suit not only the offense, but also the individual defendant. *Pepper v. United States*, 562 U.S. 476, 488 (2011). Accordingly, by statute Congress directs that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Even "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has

been proved by a preponderance of the evidence". *United States v. Watts*, 519 U.S. 148, 157 (1997) (*per curiam*).

Defendant does not contend that he did not engage in a sexual encounter with a sixteen-year-old child in 2020, but asserts that the encounter was consensual and that the child had achieved the age of consent. The statement by the child is ambiguous regarding her consent, stating that she felt pressured, that she gave consent, that she did not say "no" and that she did say "wait" which Defendant did not do. 18 U.S.C. § 2242(3) provides that, within the special maritime and territorial jurisdiction, whoever engages in a sexual act with another person without the other person's consent, to include doing so through coercion, or attempts to do so, shall be imprisoned for any term of years or for life. 18 U.S.C. § 2244(a)(2) provides that, within the special maritime and territorial jurisdiction, whoever engages in sexual contact under circumstance where that contact would be a violation of 18 U.S.C. § 2242 had that sexual contact been a sexual act, they shall be imprisoned for not more than three years. Further, under 18 U.S.C. § 2244(b), sexual contact within the special maritime or territorial jurisdiction which is made without the other person's permission can result in imprisonment for not more than two years. In *United States v. Price*, 980 F.3d 1211 (9th Cir. 2020), the Ninth Circuit Court of Appeals interpreted 18 U.S.C. § 2244(b) and held that there is no requirement that a defendant know he is acting without the victim's permission. *Price*, 930 F.3d at

1218-1219. Although "permission" is an objective concept, in includes explicit and implicit permission and may be proven through circumstantial evidence. *Id.*

The United States submits that the conduct described in the draft PSIR at ¶¶ 81-83 is sufficiently analogous to a violation of 18 U.S.C. § 2244 or 18 U.S.C. § 2242, should it have occurred within the special maritime and territorial jurisdiction of the United States, that it constitutes a prior instance of sexual exploitation of a minor.

## III. SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

Defendant is a forty-two-year-old man and, at the time of the events leading to these charges, he was living in Yakima, Washington. In 2001, he was convicted of Lewd or Lascivious Acts with a Child Under 14 in California. ECF 33, p. 7, ECF 36, ¶¶ 46-50. He was sentenced to three years prison. *Id.*at ¶ 46. He was subsequently convicted of Failure to Register as a Sex Offender in 2006. *Id.* at ¶ 51. Since then, he has been convicted of assault three times and domestic violence assault two times, most recently in 2025.

In September, 2025, review of Defendant's phone showed his use of the Telegram application, with conversation threads including titles such as "Kate Teens" and "Daily Teens Dark". Some of Defendant's conversations included phrases such as "preteen (8-12 y) and "mum and son (all ages)" and "dad and daughter (all ages)".

ECF 36, ¶ 14. These threads and conversations are indicative of Defendant actively seeking out child pornography. This is further borne out by communications in which Defendant requested "samples" of child pornography. *Id.* at ¶¶ 16, 20. Defendant's cellular telephone contained twenty-six videos and thirty-three images of child pornography. ECF 33, p. 7, ECF 36, ¶ 20.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

A sentence of 180 months incarceration would reflect the seriousness of Defendant's possession of child pornography, which he actively sought out, following his sexual assault of a child committed as a much younger man. Further, it would serve to promote respect for the law. Defendant's repeated sentences while under community custody from 2007 through 2013 for failure to register as a sex offender as well as his multiple assault convictions from 2012 through 2025 indicate the need for a substantial sentence of incarceration to promote respect for the law. A sentence of 180 months incarceration would fall within the applicable guideline range as well as within the range of sentences agree upon by the Rule 11(c)(a)(C) plea agreement, recognize Defendant's acceptance of responsibility, and account for his history of victimizing children as well as the harm perpetrated by his conduct.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

A sentence of 180 months incarceration will afford deterrence to criminal conduct.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

A sentence of 180 months incarceration, particularly if followed by five years of supervised release, should be adequate to protect the public from further crimes by Defendant.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Under the circumstances of this offense, a custodial sentence would incorporate Bureau of Prison programs such as sex offender treatment, which would be appropriate given the crimes committed here. Defendant would benefit from mental health treatment. *See* ECF 36, ¶ 106. A sentence of 180 months incarceration would provide Defendant with an opportunity for sex offender treatment as well as mental health treatment.

IV. RESTITUTION

Restitution in this case is mandatory, with a minimum threshold of $3,000 for each victim as Defendant's conduct occurred after December 7, 2018. 18 U.S.C. §§ 2259, 3663, 3663A, 3664. Defendant has agreed to pay restitution for all victims of child pornography whose images he possessed. ECF 33, p. 15. The images and videos possessed by Defendant are from 87 separate victim series as identified through the National Center for Missing and Exploited Children. ECF 36, ¶ 22. At this time, restitution requests have been received from eleven of the victims identified in this

case for a total of $79,500. Victim impact statements in support of those requests will be submitted under separate cover.

V. GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of incarceration of 180 months followed by a term of supervised release of five years. The United States does not seek a criminal fine. Defendant must pay a $100 Special Penalty Assessment. With respect to the AVAA assessment of up to $17,000, Defendant does not appear to have the current ability to pay. ECF 36, ¶¶ 114-117. If a sentence of 180 months incarceration is imposed, he is unlikely to meet any obligation to pay that assessment in the future and will be liable for any restitution imposed.

DATED this 26th day of August, 2026.

s/Michael D. Murphy
MICHAEL D. MURPHY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and a copy was emailed to the counsel of record in this case.

s/ Michael D. Murphy
Michael D. Murphy
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425
Fax: (509) 249-3297