# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>-vs-<br><br>RICARDO LOUIS ESPINOSA,<br><br>Defendant. | **Case No.** **1:25-cr-02125-SAB-1**<br><br>**CRIMINAL MINUTES**<br><br>**DATE:** **09/11/2026**<br><br>**LOCATION:** **YAKIMA, WA**<br><br>**SENTENCING** |

**CHIEF JUDGE STANLEY A. BASTIAN**

| | | | |
|---|---|---|---|
| Ruby Mendoza<br>**Courtroom Deputy** | 03<br>**Law Clerk** | <br>**Interpreter** | Marilynn McMartin<br>**Court Reporter** |

| | |
|---|---|
| Letitia Sikes<br>**Government Counsel** | Craig Webster<br>**Defense Counsel** |
| **United States Probation Officer:** Dan Manning [zoom] | |

**[ X] Open Court** **[ ] Chambers** **[ X ] Telecon/Video**

Defendant present and in custody of the US Marshal.

Court outlines the case. Defendant pled guilty. Court summarizes maximum penalties and guidelines. Court has reviewed all of the materials submitted and presentence report. Offense Level of 28; Criminal History Category Level II; Recommended Range 87-108 months.

Ms. Sikes indicates defendant raised an objection to the draft PSIR and that enhancement was removed.

No objections to the Presentence Report. Court accepts the calculations in the Presentence Report.

Ms. Sikes presents argument and outlines recommendations. Imprisonment: 180 months; Supervised Release: 5 years.

Court suggest paragraphs 80 and 81 be stricken from the PSIR. Defendant's behavior is discussed.

Ms. Sikes continues argument.

Court discusses restitution with Ms. Sikes. The government is requesting a restitution amount of $79,500.00. There is a mandatory minimum of $3,000.00 per identified victim.

| | | |
|---|---|---|
| **CONVENED: 1:36 P.M.** | **ADJOURNED: 2:13 P.M.** | **TIME: 37 MIN.** |

Mr. Webster presents argument and outlines recommendations. Imprisonment: 120 months ; Supervised Release: 5 years ; Restitution: $33,000.00; Special Penalty Assessment: $100.00. Requesting placement at Federal Medical Center Rochester.

Court confirms defendant has reviewed the final order of forfeiture.
Mr. Webster indicates yes, no objection to the order.

Court asks if defendant waives the reading of the conditions.
Mr. Webster indicates conditions were reviewed and defendant waives a further reading of the conditions.

Court discusses paragraphs 80 and 81 of the PSIR.

Court speaks to the defendant.

Defendant speaks to the Court.

Court speaks to the defendant. Court outlines the 3553 factors. Court strikes paragraphs 80 and 81 from the PSIR. Court sentences defendant.

**Imprisonment:** 120 months, defendant shall receive credit for time served.

**Supervised Release:** 5 years, with all the conditions recommended by U.S. Probation and the following special conditions:

1. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

2. You must not be employed in any occupation, business, or profession, or participate in any volunteer activity which provides access to children under the age of 18, unless authorized by the supervising officer.

3. You must not be employed in, directly or indirectly, or perform services for, any entity engaged in a computer, computer software, or telecommunications business. You must not be employed in any capacity wherein you have access to computers or computer-related equipment or software without the approval of your supervising officer.

4. You must not use any software program or device designed to hide, alter or delete records/logs of your computer usage, Internet activities, or the files stored on the assigned computer. This includes the use of encryption, steganography (the art and science of hiding a message in a medium, such as a digital picture or audio file, so as to defy detection), and cache/cookie removal software.

5. You must only use your true name and identifiers (such as date of birth, social security number, driver's license number) for purposes of establishing credit, screen names, utility services, including any services related to computer or electronic equipment or contracts, and registration related to computer-related activities.

6. You must maintain a complete and current inventory of the computer equipment you use and provide it to the supervising officer. You must provide a monthly record of computer usage and bills pertaining to computer access to the supervising officer. You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use and for which you have the authority to consent to installation of such software, if such computer has the capacity to access prohibited material. You shall not use a computer without computer monitoring software installed upon it unless approved of in advance by your probation officer.

7. You must provide a complete record of all passwords and user identifications (both past and present) to the supervising officer and must not make any changes without the prior approval of the supervising officer.

8. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches on any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

9. You must not possess and/or use computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults.

10. You must submit to search, any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

11. Pay outstanding monetary restitution imposed by the court. Include whenever the payment of restitution in the form of money is ordered in the Criminal Monetary Penalties section of the judgment.

12. You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

13. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

14. You are prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You must not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You must not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements.

15. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

16. You must complete a sex offender evaluation, which may include psychological and polygraph testing. You must pay according to your ability and allow the reciprocal release of information between the evaluator and supervising officer.

17. You must actively participate and successfully complete an approved state-certified sex offender treatment program. You must follow all lifestyle restrictions and treatment requirements of the program. You must participate in special testing in the form of polygraphs, in order to measure compliance with the treatment program requirements. You must allow reciprocal release of information between the supervising officer and the treatment provider. You must pay for treatment and testing according to your ability.

18. You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

19. You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

20. You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Special Penalty Assessment:** $100.00

**Fine:** Waived

**Restitution:** $33,000.00. ($3,000.00 per identified victim)

Court will recommend the BOP consider a medical facility.
Mr. Webster requested an alternative recommendation to FCI Lompoc.

Waiver of Right to Appeal discussed.

Ms. Sikes moves to dismiss count 1.
Court grants motion, count 1 is dismissed.

Final order of forfeiture signed and filed.